**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MISSOURI**
**EASTERN DIVISION**

| | | |
|---|---|---|
| CHRISTY STOVALL, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 4:25CV425 HEA |
| | ) | |
| FRANK J. BISIGNANO, | ) | |
| Commissioner of Social Security,[1] | ) | |
| | ) | |
| Defendant. | ) | |

## OPINION, MEMORANDUM AND ORDER

Plaintiff Christy Stovall brings this action pursuant to 42 U.S.C. § 405(g) for judicial review of the Commissioner's final decision denying her application for disability insurance benefits (DIB) and supplemental security income under Titles II and XVI of the Social Security Act, 42 U.S.C. §§ 401, 1381, *et seq.*

A summary of the record is presented in the parties' briefs and is repeated here only to the extent necessary. For the following reasons, the decision of the Commissioner is affirmed.

### Facts and Background

---

[1]Frank J. Bisignano became the Commissioner of Social Security on May 7, 2025. Therefore, pursuant to Rule 25(d) of the Federal Rules of Civil Procedure, Frank J. Bisignano should be substituted for Martin O'Malley as the defendant in this suit. No further action need be taken to continue this suit by reason of the last sentence of section 205(g) of the Social Security Act, 42 U.S.C. § 405(g).

On November 16, 2022, Christy Stovall, ("Plaintiff") protectively filed applications for Title II Disability Insurance Benefits and Title XVI Supplemental Security Income, alleging disability beginning November 10, 2019, due to "blind or low vision," "degenerative disc disease, disc herniation," posttraumatic stress disorder ("PTSD"), and repetitive stress disorder/overuse syndrome – carpal tunnel syndrome. Administrative Transcript ("T") 14, 154-55, 158, 164, 182. Plaintiff's claims were denied initially on February 24, 2023 (T 86, 91) and again on reconsideration on June 20, 2023 (T 97, 101). A telephone hearing was held on November 14, 2023 (T 32-58). An Administrative Law Judge ("ALJ") issued an unfavorable decision dated April 1, 2024. T 14-26 ("ALJ").

At the hearing, Plaintiff testified concerning her disability, daily activities, functional limitations, and some of her past work.

Plaintiff filed a request for review of the ALJ's decision with the Appeals Council.  On February 14, 2025, the Appeals Council denied Plaintiff's request for review. (Tr. 1).  Plaintiff has exhausted her administrative remedies, and the ALJ's decision stands as the final decision of the Commissioner subject to judicial review.  *See* 42 U.S.C. §§ 405(g), 1383(c)(3).

In this action for judicial review, Plaintiff claims the ALJ committed reversible errors in her decision.  Plaintiff requests that the Commissioner's

2

decision be reversed, and the matter remanded for an award of benefits or for further evaluation.

## Legal Standard

To be eligible for DIB under the Social Security Act, plaintiff must prove she is disabled. *Pearsall v. Massanari*, 274 F.3d 1211, 1217 (8th Cir. 2001); *Baker v. Sec'y of Health & Hum. Servs.*, 955 F.2d 552, 555 (8th Cir. 1992). The Social Security Act defines disability as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A), 1382c(a)(3)(A). An individual will be declared disabled "only if his [or her] physical or mental impairment or impairments are of such severity that he [or she] is not only unable to do his [or her] previous work but cannot, considering his [or her] age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy." 42 U.S.C. §§ 423(d)(2)(A), 1382c(a)(3)(B).

To determine whether a claimant is disabled, the Commissioner engages in a five-step evaluation process. *See* 20 C.F.R. §§ 404.1520, 416.920; *Bowen v. Yuckert*, 482 U.S. 137, 140-42 (1987). The Commissioner begins by deciding whether the claimant is engaged in substantial gainful activity. If the claimant is

working, disability benefits are denied.  Second, the Commissioner decides whether the claimant has a "severe" impairment or combination of impairments, meaning that which significantly limits his or her ability to do basic work activities.  If the claimant's impairment is not severe, then he or she is not disabled. Third, if the claimant has a severe impairment, the Commissioner considers the impairment's medical severity. If the impairment meets or equals one of the presumptively disabling impairments listed in 20 C.F.R., Part 404, Subpart P, Appendix 1, the claimant is considered disabled, regardless of age, education, and work experience.  20 C.F.R. §§ 416.920(a)(4)(iii), (d).

At the fourth step, if the claimant's impairment is severe but does not meet or equal one of the presumptively disabling impairments, the Commissioner assesses whether the claimant retains the RFC to perform his or her past relevant work. 20 C.F.R. §§ 416.920(a)(4)(iv), 416.945(a)(5)(i).  An RFC is "defined as the most a claimant can still do despite his or her physical or mental limitations." *Martise v. Astrue*, 641 F.3d 909, 923 (8th Cir. 2011); *see also*  20 C.F.R. § 416.945(a)(1). Ultimately, the claimant is responsible for providing evidence relating to his or her RFC, and the Commissioner is responsible for developing the claimant's "complete medical history, including arranging for a consultative examination(s) if necessary, and making every reasonable effort to help [the claimant] get medical reports from [the claimant's] own medical sources."  20

C.F.R. § 416.945(a)(3).  If, upon the findings of the ALJ, it is determined the claimant retains the RFC to perform past relevant work, he or she is not disabled. 20 C.F.R. § 416.920(a)(4)(iv).

In the fifth step, the Commissioner evaluates various factors to determine whether the claimant is capable of performing any other work in the economy.  If the claimant's RFC does not allow the claimant to perform past relevant work, the burden of production shifts to the Commissioner to show the claimant maintains the RFC to perform work that exists in significant numbers in the national economy.  *See Brock v. Astrue*, 674 F.3d 1062, 1064 (8th Cir. 2012); 20 C.F.R. § 416.920(a)(4)(v). If the claimant can make an adjustment to other work which exists in significant numbers in the national economy, the Commissioner finds the claimant not disabled. 20 C.F.R. § 416.920(a)(4)(v). If the claimant cannot make an adjustment to other work, the Commissioner finds the claimant disabled.  *Id.* In the fifth step, even though the burden of production shifts to the Commissioner, the burden of persuasion to prove disability remains on the claimant. *Hensley v. Colvin*, 829 F.3d 926, 932 (8th Cir. 2016).

The decision of the Commissioner must be affirmed if it is supported by substantial evidence on the record as a whole.  42 U.S.C. § 405(g); *Richardson v. Perales*, 402 U.S. 389, 401 (1971); *Estes v. Barnhart*, 275 F.3d 722, 724 (8th Cir. 2002).  Substantial evidence is less than a preponderance but enough that a

reasonable person would find it adequate to support the conclusion. *Johnson v. Apfel*, 240 F.3d 1145, 1147 (8th Cir. 2001).  The "substantial evidence test," however, is "more than a mere search of the record for evidence supporting the Commissioner's findings." *Coleman v. Astrue*, 498 F.3d 767, 770 (8th Cir. 2007) (internal quotation marks and citation omitted).  "Substantial evidence on the record as a whole . . . requires a more scrutinizing analysis." *Id.* (internal quotation marks and citations omitted).  Under this test, the Court "consider[s] all evidence in the record, whether it supports or detracts from the ALJ's decision." *Reece v. Colvin*, 834 F.3d 904, 908 (8th Cir. 2016). The Court "do[es] not reweigh the evidence presented to the ALJ" and will "defer to the ALJ's determinations regarding the credibility of testimony, as long as those determinations are supported by good reasons and substantial evidence." *Id.* The ALJ will not be "reverse[d] merely because substantial evidence also exists in the record that would have supported a contrary outcome, or because [the court] would have decided the case differently." *KKC ex rel. Stoner v. Colvin*, 818 F.3d 364, 370 (8th Cir. 2016).

## ALJ Decision

In a decision dated April 1, 2024, the ALJ applied the above five-step analysis. The ALJ found Plaintiff met the insured status requirements of the Social Security Act through September 30, 2025, and that she had not engaged in

6

substantial gainful activity since November 10, 2019, the alleged onset date (20 CFR 404.1571 et seq., and 416.971 et seq.)

Plaintiff  testified that she has not worked since her alleged onset date of disability. The ALJ found her testimony consistent with the certified earnings records showing that although Plaintiff had some earnings after November 2019 it was not at levels to be considered substantial gainful activity (Exhibits 6D; 7D; 8D; 9D; 3E; 12E). Plaintiff had the following severe impairments: right hand paresthesia, major depressive disorder, panic disorder with agoraphobia, generalized anxiety disorder and post-traumatic stress disorder (PTSD) (20 CFR 404.1520(c) and 416.920(c)).Plaintiff did not have an impairment or combination of impairments that met or medically equals the severity of one of the listed impairments in 20 C.F.R. § 404, Subpart P, Appendix 1.  (Tr. 16).

As for Plaintiff's RFC, the ALJ found that Plaintiff retained the ability to perform light work as defined in 20 CFR 404.1567(b) and 416.967(b) but she had the following additional functional limitations:

> [She] is capable of frequent pushing, pulling,
> handling and fingering bilaterally; she is capable of occasional balancing (as defined in the SCO), kneeling, crouching, crawling, stooping and climbing of ramps and stairs, but no climbing of ladders, ropes or scaffolds; and she is capable of performing simple, routine tasks with occasional social interactions.

 (Tr. 19).

At the fourth step, the ALJ found Plaintiff was unable to perform her past relevant work. (Tr. 23-24). At the fifth step, relying on the testimony of the VE and considering Plaintiff's age, education, work experience, and RFC, the ALJ found there were jobs existing in significant numbers in the national economy that Plaintiff could perform, including housekeeping cleaner and mail room clerk. At the end of his analysis, the ALJ concluded Plaintiff was not disabled.  (Tr. 26).

## Discussion

In support of her request for reversal and remand, Plaintiff argues that the ALJ made legal errors in that the ALJ's mental RFC determination is not supported by substantial evidence because he crafted an RFC that is made up out of whole cloth instead of further developing the record. Plaintiff also argues the ALJ's assessment of Plaintiff's subjective reports is unsupported by substantial evidence.

## RFC

Plaintiff argues that the RFC is not supported by substantial evidence, She claims the RFC came from "thin air" because there are no opinions in the file regarding mental limitations . Plaintiff argues the record includes very significant mental health evidence, with no medical opinions on file. The Commissioner responds that the ALJ properly relied on the mental health evidence in the record. The Court agrees with the Commissioner.

The RFC is the most a claimant can still do in a work setting despite the claimant's physical or mental limitations. 20 C.F.R. § 404.1545(a)(1); *Martise v. Astrue*, 641 F.3d 909, 923 (8th Cir. 2011). An ALJ determines a claimant's RFC based on all the relevant evidence, including medical records, observations of treating physicians and others, and the claimant's own description of her limitations. *Page*, 484 F.3d at 1043; *Anderson v. Shalala*, 51 F.3d 777, 779 (8th Cir. 1995). Although the ALJ bears the primary responsibility for assessing a claimant's RFC based on all relevant evidence, a claimant's RFC is a medical question. *Lauer v. Apfel*, 245 F.3d 700, 704 (8th Cir. 2000); *Singh v. Apfel*, 222 F.3d 448, 451 (8th Cir. 2000); *Hutsell v. Massanari*, 259 F.3d 707, 711-12 (8th Cir. 2001). Because it is a medical question, an ALJ's RFC assessment must be supported by some medical evidence of the claimant's ability to function in the workplace. *Hensley v. Colvin*, 829 F.3d 926, 932 (8th Cir. 2016); *Cox*, 495 F.3d at 619. An ALJ may not draw upon his or her own inferences from medical reports. *Nevland v. Apfel*, 204 F.3d 853, 858 (8th Cir. 2000). The claimant has the burden to establish RFC. *Mabry v. Colvin*, 815 F.3d 386, 390 (8th Cir. 2016). The RFC need only include the limitations supported by the record. *Tindell v. Barnhart*, 444 F.3d 1002, 1007 (8th Cir. 2006).

Contrary to Plaintiff's argument that the ALJ "made up" the RFC, the ALJ determined Plaintiff's RFC precisely as required. The RFC is based on the

treatment notes and Plaintiff's assessed mental impairments. Plaintiff herself described what she does with the limitations she reported. There is no requirement that a limitation be supported by a specific medical opinion. *Hensley*, 829 F.3d at 932. All that is required is that the RFC be supported by some medical evidence. *Id*. The ALJ's mental RFC is based on treatment notes, and the perception of Plaintiff at her mental health visits. Likewise, the ALJ assessed Plaintiff's lack of treatment from 2020 on and Plaintiff's non-responsiveness regarding mental health follow-up care, noting some of the time was the result of lack of insurance, but even when Plaintiff had health insurance, she failed to return phone calls and missed appointments. Plaintiff was given the opportunity to submit further evidence of her impairments but failed to do so.

**Plaintiff's Subjective Reports**

Normally, the Court should defer to an ALJ's assessment of claimant's subjective complaints. *Grindley v. Kijakazi*, 9 F.4th 622, 630 (8th Cir. 2021). An ALJ's brevity is not reversible error so long as the ALJ's reasoning allows for "appropriate judicial review." *Id.* When evaluating the consistency between subjective complaints and the record as a whole, an ALJ considers, in addition to the objective medical evidence, various factors, including: a claimant's daily activities; the duration, frequency, and intensity of symptoms; the dosage and effectiveness of medication; precipitating and aggravating factors; and functional

restrictions. *See* Social Security Ruling 16-3p, 2017 WL 5180304, *2 (Oct. 25, 2017); *Polaski v. Heckler*, 739 F.2d 1320, 1322 (8th Cir. 1984). A claimant's subjective allegations may be discounted if the evidence, as a whole, is inconsistent with the allegations. *Cox v. Barnhart*, 471 F.3d 902, 907 (8th Cir. 2006). In short, an ALJ may discredit some or all of the subjective statements in the record, based on a review of the above *Polaski* factors. The ALJ need not explicitly discuss each of the *Polaski* factors in the written decision if it is clear they were considered. *Tucker v. Barnhart*, 363 F.3d 781, 783 (8th Cir. 2004).

The ALJ discussed Plaintiff's mental health impairments and her claims of physical pain but also noted she could care for her daughter and help with a neighbor. The ALJ also noted Plaintiff did not seek medical treatment from any neurologist, neurosurgeon, orthopedic specialist, rheumatologist, or pain management specialist during the relevant period. Plaintiff, as previously noted, had not consulted any mental health professionals since October 2020. (T21-23). A claimant's non-compliance with treatment is a legitimate consideration in evaluating the validity of her alleged disability. See *Holley v. Massanari*, 253 F.3d 1088, 1092 (8th Cir. 2001); *Guilliams v. Barnhart*, 393 F.3d 798, 802 (8th Cir. 2005) (failure to follow a recommended course of treatment weighs against a claimant's subjective complaints of disability).

The ALJ properly listed the relevant impairments, discussed them, and scrutinized the medical records, ultimately finding that Plaintiff was not disabled. *Martise v. Astrue*, 641 F.3d 909, 924 (8th Cir. 2011) (holding that the ALJ "properly considered the combined effects of [the claimant's] impairments" after discussing each impairment and providing a synopsis of the medical records). The record contains substantial evidence to support the ALJ's finding that Plaintiff could perform a reduced range of light work.

## Conclusion

The Court's task "is to determine whether the ALJ's decision 'complies with the relevant legal standards and is supported by substantial evidence in the record as a whole.'" *Halverson v. Astrue*, 600 F.3d 922, 929 (8th Cir. 2010) (quoting *Ford v. Astrue*, 518 F.3d 979, 981 (8th Cir. 2008)). The Court finds that the ALJ properly evaluated the evidence in the record. The further finds his conclusion that Plaintiff is capable of performing other work that exists in significant numbers in the national economy, despite her RFC limitations, is supported by substantial evidence in the record.

Accordingly,

12

**IT IS HEREBY ORDERED** that the decision of the Commissioner is

**AFFIRMED**, and Plaintiff's Complaint is **DISMISSED with prejudice**.

A separate judgment will accompany this Memorandum and Order.

Dated this 31st day of March, 2026.

_____

HENRY EDWARD AUTREY
UNITED STATES DISTRICT JUDGE